## CIRCUIT COURT OF FAIRFAX COUNTY

Hawthorne Village
Board of Directors
of Council of Co-Owners

v.

Beautyguard of Greater Washington, Inc.

March 2, 1994

Case No. (Law) 96330

:

BY JUDGE ROSEMARIE ANNUNZIATA

The case before the court involves a breach of contract claim brought by the Board of Directors of the Council of Co-Owners of Hawthorne Village against Beautyguard of Greater Washington, Inc. After a full hearing on the merits of the case, the court took the matter under advisement to further consider its decision.

The plaintiff, Board of Directors, is the executive organ of the Council of Co-Owners of Hawthorne Village, a condominium unit owners association which manages Hawthorne Village Condominium. The defendant Beautyguard is a Maryland corporation licensed to do business in Virginia. The parties entered into a contract for the installation by Beautyguard of aluminum siding, gutters, and accessories to the exterior of Hawthorne Village Condominium. Under the contract, Beautyguard guaranteed the finish of the aluminum products installed for thirty years and guaranteed its workmanship for one year from the starting date of the contract.

The Motion for Judgment alleges that within one year of Beautyguard's starting date, the plaintiff detected numerous defects in the products and workmanship and notified the defendant accordingly. The plaintiff claims that Beautyguard failed to correct the defects, causing the plaintiff to incur the cost of remedying the defective workmanship and the cost of associated consequential damages and expenses.

The following issues were taken under advisement: (1) whether the defects in Beautyguard's performance were covered by the one year express warranty on workmanship in the contract; (2) whether the express warranty contained a notice requirement which the plaintiff met; (3) what is the proper measure of damages; and (4) whether adequate evidence of damages has been presented. Upon review of briefs filed on these issues, as well as the evidence and relevant law, I make the following findings of fact and conclusions of law.

The Performance Guarantee included in the parties' contract states that Beautyguard guarantees its workmanship for one year from the date on which installation is begun. I find the defects of which the plaintiff complains are covered by the express warranty in that the express warranty period began to run with the start of the work on each building in the complex and not with the start of the work on the project as a whole; the defects in question occurred within that period.

With regard to the issue of whether the plaintiff was required to give notice to the defendant of any defects in the work, I first note that the contract is silent on the matter. Generally, in the absence of an express provision governing the timing of required notice, the law requires reasonable notice. *Jacot v. Grossmann Seed Co.*, 115 Va. 90 (1913). I find the notice was reasonable in this case.

I further find that Beautyguard's performance is guaranteed by an implied warranty of fitness and good workmanship. At trial, the implied warranty of good workmanship was found by the Court to be inconsistent with the express warranty. In their post-trial briefs and memoranda, both counsel readdressed the issue of whether an implied warranty of good workmanship is inconsistent with the one-year express warranty. Upon reconsideration of the arguments and the law governing warranties, the decision at trial regarding the operation of an implied warranty of fitness and good workmanship in this case is hereby rescinded for the following reasons.

It is undisputed that under Virginia law, there is implied in every contract for building and construction a warranty that the work will be

performed in a "reasonably good and workmanlike manner and when completed shall be reasonably fit for the intended purpose." *Mann v. Clowser*, 190 Va. 887, 901 (1950); and *Hall v. MacLeod*, 191 Va. 665 (1950). It is equally clear that no warranty can be implied that would be inconsistent with warranties expressly made in the contract. *Greenland Dev. Corp. v. Allied Heating Products*, 184 Va. 588 (1945).

However, both express and implied warranties can coexist in a contract where they are consistent. *Greenland*, 184 Va. at 596. A limitation on the duration of an express warranty against defective workmanship does not make it inconsistent with an implied warranty of fitness and good workmanship. *Id.* at 595–597. Accordingly, I find that both express and implied warranties are operative in this case and that the defects complained of in the motion for judgment are within the ambit of both. I further find that reasonable notice was given to invoke the protections of the implied warranty. *See Latham v. Powell*, 127 Va. 382 (1920), and *Gaito v. Auman*, 327 S.E.2d 870 (N.C. 1985).

Turning then to the question of damages, I note first that the measurement of damages in a breach of contract action is compensation based on the injured party's expectation, that is the sum that will place the non-breaching party in the same position it would have occupied had the contract been properly performed. *Lehigh Portland Cement Co. v. Virginia S.S. Co.*, 132 Va. 257 (1922). In the context of a construction contract, the determination of what sum is required to make the non-breaching party whole has been delineated as follows:

> If the defect is remediable from a practical standpoint, recovery generally will be based on the market price of completing or correcting the performance, and this will generally be shown by the cost of getting [the] work done or completed by another person. If the defect is not thus remediable, damages are based on the difference between the value of the defective structure and that of the structure if properly completed.

*Mann v. Clowser*, 190 Va. 887, 904 (1950).

In light of these legal principles and findings, and in light of the evidence presented, I find that Beautyguard breached both the express contract warranty and the implied warranty of good workmanship by failing to correct the faulty installation upon receipt of proper notice of the defects by the plaintiff and that the plaintiff was damaged as a result. Accordingly, judgment in favor of the Board of Directors of the

Council of Co-Owners of Hawthorne Village against Beautyguard of Greater Washington, Inc., in the sum of $500,000 will be entered.